**David BAILEY, Petitioner,**

v.

**Jerry GILMORE, Warden, Respondent.**

**No. 97 C 3054.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 23, 1998.

588

David Bailey, Pontiac, IL, pro se.

Robert K. Villa, Robin Zavett, Ill. Atty. General's Office, Chicago, IL, Lorna T. Amado, Ill. Atty. General's Office, Criminal Appeals Div., Chicago, IL, for Respondent.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Following a bench trial in the Circuit Court of Cook County, Illinois, David Bailey was found guilty of murdering two victims. He was sentenced to natural life in prison and the conviction and sentence were affirmed on direct appeal. *People v. Bailey*, 164 Ill.App.3d 555, 115 Ill.Dec. 159, 517 N.E.2d 570 (1st Dist.1987), *appeal denied*, 119 Ill.2d 560, 119 Ill.Dec. 388, 522 N.E.2d 1247 (1988). Pending in this court is Bailey's petition for a writ of habeas corpus. Respondent moves to dismiss Bailey's petition on the ground that it is untimely. *See* 28 U.S.C. § 2244(d).

On April 18, 1997, Bailey provided his habeas petition to prison officials for mailing. The petition was received by this court on April 25 and docketed on April 29. Submitted with the petition was Bailey's application to proceed *in forma pauperis*. On April 30, the following order was entered:

Petitioner's application for leave to proceed *in forma pauperis* is denied. His application shows that although he has no money presently in his account, he earns $30–45 per month on the state payroll and can afford the $5.00 habeas corpus filing fee. If petitioner does not pay the fee by 05/30/97, the petition will be dismissed without prejudice.

On May 14, Bailey requested that prison officials send $5.00 from his prison account to pay the filing fee. Prison officials did not process that request until May 23 and payment was received by the Clerk of the Court on May 30.

The aforementioned facts are not in dispute. The parties, however, disagree as to whether this constitutes a timely habeas corpus petition.

Effective April 24, 1996, a one-year statute of limitations period for federal habeas petitions went into effect. 28 U.S.C. § 2244(d)(1) ("A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). There is no dispute that all of the possible predicates for beginning the running of that limitation period had occurred more than one year prior to the effective date of the new limitation period. However, the Seventh Circuit has held that, under such circumstances, a petitioner had until April 23, 1997 to commence a habeas proceeding. *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996) (en banc), *rev'd on other grounds*, — U.S. —, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir.1998).

First, respondent argues that, since Bailey's habeas petition was received by the Clerk of the Court on April 25, 1997, his habeas petition is untimely. Respondent acknowledges that the Supreme Court has held that, as to notices of appeal, a prisoner is considered to have filed the notice of appeal when the prisoner provides the notice of appeal to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Respondent argues that this same mailbox rule should not be applied to commencement of habeas petitions. While some cases agree with re-

spondent's position, the majority of appellate court cases, and apparently the majority of district court cases, have concluded otherwise, holding (or at least indicating) that a habeas petition is considered to have been received by the court at the same time that it is given to prison officials for mailing. *See Nichols v. Bowersox,* —— F.3d ——, ——–——, 1998 WL 151380, *4–5 (8th Cir. April 13, 1998); *Burns v. Morton,* 134 F.3d 109, 112–13 (3d Cir.1998); *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997);[1] *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997) (*dictum*); *United States ex rel. Barnes v. Gilmore,* 987 F.Supp. 677, 678–82 (N.D.Ill.1997), *reconsideration denied,* 1998 WL 30705 (N.D.Ill. Jan.22, 1998). *But see Allen v. Dowd,* 964 F.2d 745, 746 (8th Cir.), *cert. denied,* 506 U.S. 920, 113 S.Ct. 335, 121 L.Ed.2d 253 (1992);[2] *United States ex rel. Banks v. Barnett,* 1997 WL 786666, *2–4 (N.D.Ill.Dec. 15, 1997). The primary rationale for the mailbox rule of *Houston v. Lack* is that a person in custody generally has no direct ability to file a document with the court and instead must rely on prison officials to forward the document, usually by mailing. That rationale applies as well to the filing of a habeas corpus document. This court agrees with Judge Shadur's reasoning in *Barnes, supra,* holding that the mailbox rule applies to the delivery of a habeas corpus petition and other documents submitted by the petitioner in a habeas corpus proceeding. Bailey's habeas petition and *in forma pauperis* application are considered to have been received by the Clerk of the Court on April 18, 1997 when Bailey provided those documents to prison officials for mailing.

█ Respondent's second argument is that, even assuming the habeas petition was constructively received by the court on April 18, it is not considered to be filed until Bailey paid the $5.00 filing fee on May 30. Respondent points to Rule 3(b) of the Rules Governing Section 2254 Cases which provides in pertinent part: "Upon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed in forma pauperis, and having ascertained that the petition appears on its face to comply with rules 2 and 3, the clerk of the district court shall file the petition and enter it on the docket in his office." Respondent contends that, to have his petition deemed filed on the date he provided it to prison officials, petitioner must have simultaneously requested payment of the filing fee, or at least have submitted a meritorious application to proceed *in forma pauperis*. This contention is partially supported by *Barnes,* 987 F.Supp. at 682. In *Barnes,* however, it was found that Barnes's *in forma pauperis* application lacked good faith in that it should have been clear to Barnes that the amount in his trust fund account precluded him from obtaining a waiver of the filing fee. It is unclear if the lack of good faith was essential to the holding in *Barnes.* To the extent that it was, Bailey's situation is distinguishable in that he had no funds in his trust account and therefore his *in forma pauperis* application would not be found to have been in bad faith. For the reasons stated below, it is held that a habeas corpus petition submitted with a good faith, but nonmeritorious, *in forma pauperis* application is deemed to have been commenced when the petition and application are submitted as long as the petitioner pays the filing fee within a reasonable time period after the *in forma pauperis* application is denied.

█ It is implicitly assumed by respondent that the formal filing of a habeas petition is the act that measures the timeliness of a habeas petition. Section 2244(d)(1), however, uses the term "1–year period of limitation." There is no mention in that statute of a filing requirement. Also, 28 U.S.C. § 2254 makes no mention of filing a habeas petition. It refers to "a proceeding instituted by an application for a writ of habeas corpus."[3]

---

1. *Sims* involved a motion for leave to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3).

2. Subsequent Eighth Circuit cases find *Allen* to be *dictum* or otherwise nondispositive as to the mailbox rule. *See Nichols,* 1998 WL 151380, *6–8; *Miller v. Benson,* 51 F.3d 166, 169 n. 2 (8th Cir.1995); *Parker v. Bowersox,* 975 F.Supp. 1251, 1253 (W.D.Mo.1997).

3. Rule 2 of the Rules Governing Section 2254 Cases requires that the application be in the form of a petition.

Rule 11 of the Rules Governing Section 2254 Cases provides that " t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court." Even assuming that rule applies to habeas petitions, the Seventh Circuit has held that Rule 3 is not to be applied literally to civil actions, especially when determining the commencement date for statute of limitations purposes of a case in which the plaintiff has applied to proceed *in forma pauperis.* *See Williams–Guice v. Board of Education of City of Chicago,* 45 F.3d 161, 162 (7th Cir.1995). Thus, holding that a habeas proceeding commences for statute of limitation purposes when the petition and pauper application is provided to prison officials does not necessarily require that event also be deemed the filing of the habeas corpus petition. In any event, Habeas Rule 3(b) provides that the Clerk shall file the petition when the events stated in that Rule are satisfied. Rule 3(b) does not state that this is the one and only circumstance for filing the petition. But even if that is implicit in the Rule, the Rule is also silent as to what date should be deemed to be the filing date of the petition for limitations purposes.[4] A local rule or decision that a habeas petition subsequently filed is deemed commenced (or even filed) as of the date it is delivered to prison officials (with or without a fee or meritorious pauper application) would not be a rule that must be found unenforceable because inconsistent with Rule 3(b). *Nichols,* 1998 WL 151380, *6. Rule 3(b) instructs a clerk of the court to file a petition when certain conditions are met; the issue presently under consideration is what date such a filing (or other commencement of a habeas proceeding) should be deemed to have occurred for statute of limitations purposes.

Northern District of Illinois Local Rule 11(B) provides:

Any complaint in a civil action presented for filing without prepayment of the pre-scribed fees that is accompanied by a petition for leave to file in forma pauperis together with an affidavit of financial status in the form prescribed by the Executive Committee of this Court shall be accepted by the clerk. The petition for leave to file in forma pauperis and the accompanying affidavit of financial status shall be filed and assigned to a judge in accordance with the procedures established by these rules. The complaint shall be stamped received as of the date presented. The clerk shall promptly forward the petition for leave to file in forma pauperis together with all other papers to the judge to whom it is assigned. If the judge grants plaintiff leave to file, the complaint shall be filed as of the date of the judge's order except that where the complaint must be filed within a time limit and the order granting leave to file is entered after the expiration of that time limit, the complaint shall be deemed to have been filed:

(a) in the case of any plaintiff in custody, as of the time of the plaintiff's delivery of the complaint to the custodial authorities for transmittal to the court; or

(b) in the case of any other plaintiff, as of the time the complaint was received by the clerk.

If the court fails to rule within 60 days of the filing of the petition for leave to proceed in forma pauperis, the clerk shall, unless otherwise ordered by the court, enter an order on the court's behalf directing that in accordance with this Rule, the petition for leave to file in forma pauperis is granted and forthwith file the complaint and issue summons. In that event, the same provisions as to deemed dates of filing that have been stated earlier in this Rule's subparagraphs (a) and (b) shall apply.

Even if Local Rule 11(B) applies to *in forma pauperis* applications in habeas corpus cases, it is silent regarding Bailey's situation because Rule 11(B) contains no express pro-

---

4. Such an omission is not surprising since, prior to April 24, 1996, there was no strict limitation period for commencing a habeas petition, only a limitation on delayed petitions. *See* Rule 9(a) of the Rules Governing Section 2254 Cases; *Burns,* 134 F.3d at 112 & n. 4.

vision as to when a case is deemed filed if the application is denied. *See also* Local Rule 11(C) & (D) (provisions regarding the denial of *in forma pauperis* applications). As is discussed below, however, case law in non-habeas cases has held or indicated that, where an *in forma pauperis* application is denied, the complaint is deemed to have been filed when first submitted, at least when the filing fee is paid within a reasonable time after the application is denied.

In *Williams–Guice,* 45 F.3d at 164–65, a non-habeas civil action, the Seventh Circuit held that the running of a statute of limitations period is tolled while an application for *in forma pauperis* status is pending. Unlike *Paulk v. Department of Air Force, Chanute Air Force Base,* 830 F.2d 79 (7th Cir.1987), which had also so held (*see also Gilardi v. Schroeder,* 833 F.2d 1226, 1233 (7th Cir. 1987)), the pauper application in *Williams–Guice* was denied. As held in *Williams–Guice,* if an application to proceed *in forma pauperis* is submitted five days before the statute of limitations expires and the application is denied, the plaintiff will have at least five days after the denial to pay the fee and have the action deemed timely filed. Further, *Williams–Guice* strongly suggests that, after the denial, the running of the limitations period should be tolled for a reasonable period of time in which to pay the fee. *Id.* at 165. After all, the applicant may not even receive notice of the denial until after the limitation period has expired. The Seventh Circuit also indicated that a provision such as this court's Local Rule 11(D) which allows an applicant at least 15 days after a denial to pay the filing fee may be presumed to be a reasonable time period in which to pay the fee. *Id.* In *Williams–Guice,* it was unnecessary to resolve whether the limitation period was tolled during the reasonable time period to pay because the plaintiff did not pay in a timely manner and her complaint was untimely regardless of whether the additional tolling period was applied. *Id.* At least one district court case from this circuit, as well as cases from other circuits, have held that the limitation period is tolled for a reasonable time period after a pauper application is denied. *See Rounds v. Milwaukee County Community Correctional Center,* 862 F.Supp. 232 (E.D.Wis.1994); *Mealancon v. Associated Catholic Charities of New Orleans, Inc.,* 1997 WL 194620 (E.D.La. April 22, 1997). *See also Nichols,* 1998 WL 151380, \*6; *Rodgers v. Bowen,* 790 F.2d 1550 (11th Cir.1986).

■ It is held that the § 2244(d)(1) statute of limitations is tolled during the pendency of a good faith application to proceed *in forma pauperis* and that, when such application is denied, it is further tolled during the reasonable time period thereafter for the payment of such fee. In the present case, both the habeas petition and pauper application are deemed to have been received by the court when given to prison officials for mailing on April 18, 1997. The statute of limitations period was tolled until the pauper application was denied on April 30 and for a reasonable time period thereafter. In this case, Bailey was expressly granted until May 30 to pay the filing fee. Given the express grant of time by the court, the period until May 30 must be considered a reasonable time within which to pay the fee. Therefore, the running of the limitation period continued to be tolled until the fee was paid within the time allowed. Bailey's petition was timely. Respondent's motion to dismiss will be denied.

Respondent shall answer the habeas petition by May 27, 1998. Even if respondent raises issues of waiver or procedural default, respondent shall also answer the merits of all claims that are raised.

IT IS THEREFORE ORDERED that respondent's motion to dismiss [13–1] is denied. Respondent shall answer the habeas petition on or before May 27, 1998. A status hearing is set for June 2, 1998 at 9:15 a.m.