**UNITED STATES of America, ex rel. Mason WILLIAMS, Petitioner,**

v.

**George E. DE TELLA, Respondent.**

**No. 97 C 7750.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 25, 1998.

**MEMORANDUM AND ORDER**

MORAN, Senior District Judge.

Petitioner submitted this petition for a writ of habeas corpus less than one

year after his judgment of conviction became final by the expiration of the time to file a petition for *writ of certiorari*.[1] The Seventh Circuit has yet to determine whether the time to petition for a *writ of certiorari* is included in the concept of "direct review" in 28 U.S.C. § 2244(d)(1)(A).[2] *See Gendron v. United States*, 154 F.3d 672 (7th Cir.1998). We conclude, though, that the plain language of the statute requires inclusion of the 90 days, a conclusion also reached by a number of other courts, *e.g., United States ex rel. Gonzalez v. DeTella*, 6 F.Supp.2d 780 (N.D.Ill.1998); *Flowers v. Hanks*, 941 F.Supp. 765 (N.D.Ind.1996); *Albert v. Strack*, 1998 WL 9382 (S.D.N.Y.).

■ The state contends, nevertheless, that the petition is not timely. Although petitioner submitted it in November 1997, his motion for leave to proceed *in forma pauperis* was not granted until February 23, 1998. The state rests upon Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, which provides that the district court clerk "shall file" a petitioner's petition "[u]pon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed *in forma pauperis*."

■ That language in Rule 3 caused Judge Shadur to conclude that a petition was untimely in *United States ex rel. Barnes v. Gilmore*, 987 F.Supp. 677 (N.D.Ill.1997), where the petitioner sought *in forma pauperis* status, was denied that status because he had ample funds in his account, and thereafter paid the $5. Judge Hart, in *Bailey v. Gilmore*, 5 F.Supp.2d 587 (N.D.Ill.1998), ruled the petition timely even though he denied *in forma pauperis* status, because he concluded that the motion was made in good faith and the fee was paid within a reasonable time after the motion's denial. We agree with Judge Hart that the date of delivery of the petition to the prison authorities controls, and that a proceeding has been instituted by an application for a writ, with or without a fee or meritorious pauper application, so long as the fee is paid, if need be, in a reasonable fashion thereafter. 28 U.S.C. § 2244(d)(1)does not specify what constitutes an "application," and the standard here adopted is consistent with the "application" concept. The claim for relief, after all, is the petition, and the fee status is collateral housekeeping. Indeed, in prisoner litigation the collection of filing fees now involves the courts and correctional systems in rather extensive housekeeping, even when the claims are dismissed immediately.

Here the petitioner filed his *in forma pauperis* petition with his *habeas* petition and the delay in granting the *in forma pauperis* petition was beyond his control—the same consideration that led to the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245

---

**1.** Under Rule 13 of the Rules of the Supreme Court of the United States a petition for *writ of certiorari* is timely when it is filed within 90 days after entry of the judgment.

**2.** Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (AEDPA), amended 28 U.S.C. § 2244 to add a new period of limitations for writ of habeas corpus. Section 2244 now reads in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(1988). The Seventh Circuit has ruled that receipt of the complaint in a civil action suffices to commence the action for the purpose of satisfying the statute of limitations, at least so long as the *in forma pauperis* petition is, in due course, granted, *see Williams–Guice v. Board of Education of the City of Chicago,* 45 F.3d 161, 162 (7th Cir.1995), and we conclude that receipt of the petition here suffices for limitations purposes pursuant to § 2244(d).

The motion to dismiss is denied. The state is directed to respond to the procedural posture and the merits of the claims by November 24, 1998.