Bruce E. JONES, Petitioner–Appellant,

v.

Daniel BERTRAND, Respondent–Appellee.

No. 97–2725.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 11, 1998.

Decided March 22, 1999.

Thomas L. Shriner, Jr., David W. Simon (argued), Foley & Lardner, Milwaukee, WI, for Petitioner–Appellant.

James E. Doyle, Maureen M. Flanagan (argued), Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondent–Appellee.

Before BAUER, MANION, and ROVNER, Circuit Judges.

BAUER, Circuit Judge.

Petitioner Bruce E. Jones sought to file this *pro se* petition for a writ of habeas corpus, along with an application to proceed *in forma pauperis* ("IFP"). The district court dismissed his petition, holding that since it did not arrive at the court until after the one year statute of limitations had expired and his application to proceed IFP did not accompany his petition for habeas relief, the petition was not timely filed. Jones appealed that decision, raising two issues. First, he claims that the filing date for statute of limitations purposes for a *pro se* petition for habeas relief should be the date it is received by prison officials for mailing, not when it is actually received by the district court clerk. Second, he argues that his petition should not be deemed incomplete, and therefore untimely, because it was not accompanied by either the five dollar filing fee or an application to proceed IFP. Because we agree with Petitioner on both of these issues, we REVERSE the district court's decision and REMAND it for further consideration.

## BACKGROUND

Bruce Jones was convicted in Milwaukee County circuit court for first-degree murder on June 21, 1982 and sentenced to life in prison at the Green Bay Correctional Institute. At that time, there was no fixed period for filing a petition for habeas corpus relief. Then, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") which gave state prisoners one year from the final disposition of their case to file for habeas relief. Since the final disposition of Jones' case occurred well over a year before, the AEDPA would have essentially precluded Jones from seeking habeas relief. In order to avoid such an unjust result for Jones and other similarly situated prisoners, we decided in *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996) (en banc), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) that when the final disposition of a state court conviction occurred before the passage of the AEDPA we would give the state prisoner until April 23, 1997 (one year after the passage of the AEDPA) to file his petition for habeas relief.

On April 23, 1997, Jones mailed his *pro se* petition for habeas relief to the United States District Court for the Eastern District of Wisconsin by placing it in the prison mail box at the Green Bay Correctional Institute. Upon receiving his petition, the district court clerk notified Jones that, in addition to sending the petition for habeas corpus, he had to include either the five dollar filing fee or a completed application to proceed IFP before the petition could be officially filed. Jones then completed his application to proceed IFP and sent it to the district court, along with the five dollar filing fee; it was received on May 7, 1997. Ultimately, on May 23, 1997, after a motion for reconsideration, the district court denied Jones' petition because it was untimely filed. The court ruled that the petition was not deemed filed until May 7, 1997, the date the clerk received the five dollar filing fee, and therefore the petition was filed after the April 23, 1997 deadline. On June 24, 1997, the district court issued Jones a certificate of appealability and permission to proceed with this appeal IFP.

## DISCUSSION

We review a district court's legal determination to deny a petition for habeas corpus *de novo*. *Lieberman v. Washington*, 128 F.3d 1085, 1091 (7th Cir.1997).

### I. The *Houston* "Mailbox Rule"

The district court dismissed Jones' petition for habeas corpus relief because it was not filed within one year of the enactment of the AEDPA. Jones argues that in order to determine the filing date of his petition for statute of limitations purposes, the court should look to the date he handed it to prison officials for mailing, and not when the court clerk actually received the petition. The United States Supreme Court faced a very similar issue in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In that case, a *pro se* prisoner mailed his notice of appeal from prison within the 30–day statute of limitations period set forth under Federal Rule of Appellate Procedure 4(a)(1), however, the court did not receive the notice until after the deadline had passed. The court declined to review his notice of appeal as being untimely filed. *Id.* at 269–70, 108 S.Ct. 2379. The Supreme Court ultimately reversed that decision and ruled that the notice was filed within the 30–day period because Petitioner delivered the notice to the proper prison authorities for mailing before the statute of limitations had expired. *Id.* at 270, 108 S.Ct. 2379. This has become known as the *Houston* "mailbox rule."

In explaining the reason for applying the mailbox rule, the Court stated that prisoners filing *pro se* have a unique disadvantage compared to other litigants because they are not able, either personally or through their attorney, to go directly to

the courthouse to file their documents or to pick up the telephone to ascertain whether the papers have been officially filed. *Id.* at 270–71, 108 S.Ct. 2379. The Court also noted that the application of the mailbox rule for prisoners filing *pro se* is consistent with the interpretation of Rules 3 and 4 of Appellate Procedure wherein a document is deemed filed upon receipt by the district court clerk and not when it is officially stamped "filed" because a litigant cannot be responsible for any delay between the clerk's receiving the document and the formal "filing" of the document. *Id.* at 273, 108 S.Ct. 2379. Similarly, the Court observed that inmates have no control over documents once they are delivered to prison officials and court papers can arrive at the clerk's office after any designated deadline even if they were delivered to the prison officials well before the limitations period ended. *Id.* at 271, 108 S.Ct. 2379. Therefore, for the purposes of a prisoner filing a *pro se* notice of appeal, the Supreme Court adopted a bright line test and held that it is timely filed for statute of limitations purposes so long as it is delivered to the prison authorities before the 30–day statute of limitations has expired and not when it is actually received by the clerk. *Id.* at 275–76, 108 S.Ct. 2379.

Although this "mailbox rule" applies to a *pro se* prisoner's filing of a notice of appeal, this circuit has not ruled on whether the rule should be extended to a *pro se* prisoner's filing of other papers, including a petition for habeas corpus. Other courts have extended the *Houston* mailbox rule to cover the service of discovery responses, *see Faile v. Upjohn Co.*, 988 F.2d 985 (9th Cir.1993), § 1983 claims, *see Cooper v. Brookshire*, 70 F.3d 377 (5th Cir.1995); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733 (4th Cir.1991), Federal Tort Claim Act cases, *see Garvey v. Vaughn*, 993 F.2d 776 (11th Cir.1993), and motions to vacate a prison sentence, *see United States v. Hatala*, 29 F.Supp.2d 728 (N.D.W.Va.1998). Additionally, the circuit courts that have been faced with the issue of whether to extend the rule to include *pro se* habeas petitions have almost unanimously decided to do so. *See, e.g., Spotville v. Cain*, 149 F.3d 374 (5th Cir.1998); *Burns v. Morton*, 134 F.3d 109 (3rd Cir. 1998). Several district courts within this circuit have extended the *Houston* mailbox rule to include *pro se* habeas petitions as well. *See, e.g., Young v. Roth*, No. 97 C 3103, 1998 WL 851502 (N.D.Ill. Dec. 3, 1998); *United States ex rel. Rivera v. De-Tella*, No. 97 C 2993, 1998 WL 704308 (N.D.Ill. Sept. 29, 1998).

In their reasoning, courts reconcile the difference between the *Houston* mailbox rule and Rule 3(b) of Habeas Corpus proceedings. Rule 3(b) reads in pertinent part:

> [u]pon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed in forma pauperis, and having ascertained that the petition appears on its face to comply with rules 2 and 3, the clerk of the district court shall file the petition and enter it on the docket in his office.

Rule 3(b) Governing § 2254 Cases. Courts have stated that Rule 3(b) determines when a case is filed in the procedural sense for the purpose of being placed on the court's docket, and the mailbox rule governs when a case is filed in the substantive sense for statute of limitations purposes. *United States ex rel. Washington v. Gramley*, No. 97 C 3270, 1998 WL 171827 (N.D.Ill. Apr. 10, 1998) at *3. If Rule 3(b) governed the filing time for statute of limitations purposes, then the date of filing would be different for those inmates who initially pay the filing fee and those who apply for IFP status, since, according to the Rule, the petition is not filed until the petitioner has been granted IFP status, which would only be at some point after the application for IFP status was submitted. *Cf. id.* Allowing this Rule to determine the filing date for statute of limitations purposes would make little sense; a prisoner would be unable to sur-

mise when, if at all, his IFP application was granted.

The rulings extending the mailbox rule are consistent with the notion that prisoners filing *pro se* do not have the same access to the court system as other litigants, and, in order for justice to be properly served, their papers should be considered filed when given to prison officials. We join the overwhelming authority that the *Houston* mailbox rule should be extended to prisoners filing *pro se* habeas petitions, and, for statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk.[1]

## II. Submission of the Filing Fee or IFP Application

Since we have decided that the *Houston* mailbox rule applies to habeas corpus petitions for statute of limitations purposes, we must decide whether Jones' petition should still be denied as untimely because it was not accompanied by either the required filing fee or an application to proceed IFP before the statute of limitations had expired.

 Several courts have been confronted with this issue. Unlike the near-unanimous treatment of the mailbox rule for habeas cases, however, the authority is split on whether the petition must be accompanied by either the filing fee or an IFP application. In fact, in this circuit, district courts are split on the issue. We find Petitioner's argument more persuasive and hold that, for statute of limitations purposes, an inmate's petition for habeas relief need not be accompanied by the required filing fee or IFP application, so long as one or the other is sent within a reasonable time after the petition and there is no evidence of bad faith on Petitioner's part.

According to Rule 3(a) Governing § 2254 Cases, a petition for habeas relief "shall . . . be accompanied by the filing fee prescribed by law unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis. If the petitioner desires to prosecute the petition in forma pauperis, he shall file the affidavit required by 28 U.S.C. § 1915." Rule 3(a) Governing § 2254 Cases. Among the cases analyzing whether the filing fee or IFP application must accompany the habeas petition is *United States ex rel. Barnes v. Gilmore,* 987 F.Supp. 677 (N.D.Ill.1997). In that case, the district court ruled that for statute of limitations purposes, the five dollar filing fee had to be included with the prisoner's petition for habeas corpus. *Id.* at 682. There, the petitioner applied to proceed IFP with his habeas petition, but IFP status was denied because the petitioner had adequate funds to pay the "modest" filing fee. *Id.* Thus, the court reasoned that his IFP application could not have been filed in good faith because of the amount of money the prisoner had in his account, and especially in light of the fact that he did not pay the filing fee until several months after he filed his petition. *Id.* Similarly, in *United States ex rel. Palaggi v. Page,* No. 97 C 2994, 1998 WL 397837 (N.D.Ill. July 10, 1998), the court held that a petition for habeas relief, along with either the filing fee or IFP application, must be submitted to the prison officials before the statute of limitations runs in order to be timely. *Id.* at *2, n. 3.

Some district courts in this circuit have held that the statute of limitations should be tolled during the pendency of IFP status. *See United States ex rel. Cardenas v. DeTella,* No. 97 C 3005, 1998 WL 708858 (N.D.Ill. Sept. 24, 1998); *Bailey v. Gilmore,* 5 F.Supp.2d 587 (N.D.Ill.1998). Again, there is an apparent disparity between the Rules and the case law; if an IFP application is denied, then the petitioner must pay a filing fee. According to

---

**1.** Respondent concedes in his brief that the *Houston* mailbox rule can reasonably be extended to the filing of a habeas corpus petition.

the Rules, the petition will not be filed until the fee is paid. As stated above, since an inmate cannot foresee how or when a court will rule on an IFP application, the reasonable interpretation is to allow a tolling in the statute of limitations while the IFP application is pending. In *Cardenas* and *Bailey, supra,* both inmates submitted their IFP applications with their petitions for habeas relief, thus the petitions were deemed timely because they were given to prison officials before the statute of limitations had run, even though the filing fees were not paid until later.

At least two district courts have decided that the filing fee or IFP application need not accompany the petition for habeas corpus in order for the petition to be timely for statute of limitations purposes. In *United States ex rel. Williams v. DeTella,* 37 F.Supp.2d 1048 (N.D.Ill.1998), the district court referred to the fee status as "collateral housekeeping," and the real claim for relief is the actual petition. *Id.* at 1049. The court stated that the AEDPA does not define what an "application" is and the petition is complete without either the filing fee or the IFP application, so long as they are submitted within a reasonable time after the petition. *Id.* In *Washington, supra,* the district court went so far as to say that the *Houston* mailbox rule supplants Rule 3(b) in governing the substantive filing date of a habeas petition, and it is timely when given to the prison officials whether or not it is submitted with the filing fee or IFP application. *Washington,* 1998 WL 171827 at *3.[2]

In this case, we agree with the logic of the latter two district court decisions. So long as an inmate gets the habeas petition to the prison officials within the prescribed time limit, his petition will be deemed timely for statute of limitations purposes regardless of whether it is accompanied by the five dollar filing fee or IFP application. This holding is also consistent with the

Rules Governing Habeas Cases in that Rule 2(c) states that the petition shall be in "substantially the form annexed to these rules." Rule 2(c) Governing § 2254 Cases. However, as we previously noted, these rules merely govern the filing requirements for procedural purposes rather than substantive purposes for statute of limitations concerns. Moreover, a "district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules." *Gilardi v. Schroeder,* 833 F.2d 1226, 1233 (7th Cir.1987) (quoting *Loya v. Desert Sands Unified School Dist.,* 721 F.2d 279, 281 (9th Cir.1983)).

This ruling is also consistent with other civil litigation proceedings wherein an untimely submission of a filing fee does not time-bar a cause of action that has otherwise been timely filed. *See Gould v. Members of the N.J. Division of Water Policy and Supply,* 555 F.2d 340 (3rd Cir.1977) (failure to pay the filing fee on time cannot render an otherwise timely notice of appeal untimely); *Johnson v. Brown,* 803 F.Supp. 1414 (N.D.Ind.1992) (for Title VII cases, complaint is deemed filed when it is in the clerk's possession, regardless of untimely payment of filing fee); *Rodgers on Behalf of Jones v. Bowen,* 790 F.2d 1550 (11th Cir.1986) (case seeking Social Security benefits deemed filed upon actual or constructive possession of complaint by the clerk, regardless of untimely payment of filing fee).

Although Jones did not submit his application to proceed IFP along with his habeas petition, he sent his application, along with his filing fee, immediately after receiving notification from the clerk to do such. The court then rejected Jones' IFP application and ordered him to pay the five dollar filing fee. As a result, the court did not deem his petition filed until May 7, 1997, which is the day the clerk received the filing fee. There is no evidence that

---

**2.** Judge Plunkett later clarified his position on this matter in *Palaggi, supra,* and held that the

petition must be accompanied by the filing fee or IFP application.

504

Jones acted in bad faith in his failure to provide either his IFP application or the five dollar filing fee with the original petition. In essence, the result is what would have occurred if Jones had submitted his IFP application with his original petition, waited for the negative ruling on the application, and then sent his filing fee. There is no negative impact from Jones' failure to submit the documents in question with his habeas petition. While we understand the government's position with respect to this issue, Jones' substantial compliance with the Rules satisfactorily meets the filing requirements for his *pro se* petition for habeas relief. Therefore, we find that, for statute of limitations purposes, Jones timely submitted his petition for habeas relief upon tendering it to prison officials for mailing.

## CONCLUSION

For the above reasons, we find that a *pro se* petition for habeas relief is deemed filed for statute of limitations purposes when it is given to the proper prison officials and not when it is actually received by the district court clerk. Additionally, we hold that so long as either the five dollar filing fee or the application to proceed IFP is submitted within a reasonable time after the petition for habeas relief, it need not accompany the petition for it to be deemed timely. We REVERSE and REMAND for the district court to consider Jones' habeas petition.