**Thomas G. MULLIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–7053.

Court of Appeals of Alaska.

Feb. 18, 2000.

Margaret R. Simonian and Leslie A. Hiebert, Assistant Public Advocates, and Brant G. McGee, Public Advocate, Anchorage, for Appellant.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Alaska has enacted a statute of limitations governing petitions for post-conviction relief.[1] For Thomas G. Mullin (a prisoner serving a 40-year sentence for sexual abuse of minors), the filing deadline was July 1, 1996.

Mullin filed his petition for post-conviction relief on June 28, 1996—three days before the deadline—but the superior court clerk's office refused to accept the petition because Mullin failed to submit either the $100 filing fee or an application for exemption from the fee. The clerk's office notified Mullin of the problem, and they sent him the application form for seeking exemption from the filing fee. Mullin filled out this form and returned it to the clerk's office on July 24th. The clerk's office then accepted Mullin's petition for filing.

Several months later, the superior court dismissed Mullin's petition for failure to meet the July 1st filing deadline set by the statute of limitations. Even though Mullin submitted his initial paperwork on June 28th, the court concluded that this initial paperwork did not satisfy the statute of limitations because it was incomplete: Mullin did not tender the $100 filing fee, nor did he submit an application for exemption from that fee. The court recognized that Mullin cured the deficiency on July 24th when he submitted his application for exemption from the filing fee, but the court ruled that Mullin's curative action came too late because the July 1st deadline had expired.

Mullin now appeals the superior court's dismissal of his petition for post-conviction relief. We conclude that Mullin's initial filing, albeit technically deficient, was sufficient to satisfy the statute of limitations. We therefore reverse the superior court and order reinstatement of Mullin's petition.

To resolve Mullin's case, we must answer this question: When a prisoner delivers a technically deficient petition for post-conviction relief to the clerk's office, does this delivery satisfy the statute of limitations, or does the statute remain unsatisfied until the prisoner cures the defects in the petition? The State argues that two provisions of Alaska law—Criminal Rule 35.1 and AS 09.19.010—show that the statute of limitations remains unsatisfied until all defects are cured.

Criminal Rule 35.1(c) declares that a petition for post-conviction relief "is commenced by filing an application with the clerk", and AS 09.19.010(a) declares that a prisoner such as Mullin "may not commence litigation against the state" unless the prisoner has paid the applicable filing fees or has applied for a partial exemption from fees under AS 09.19.010(b).[2] From these provisions of law, the State concludes that a petition for post-conviction relief can not be deemed "filed" until the petitioner pays the filing fee or applies for partial exemption from the fee. Because Mullin took neither of these steps until late July, the State contends that Mullin failed to satisfy the July 1st statute of limitations deadline.

Actually, AS 09.19.010 appears to be stricter than the State construes it to be. Subsection (e) of this statute declares that, even when a court grants a prisoner's request for a partial exemption from the normal filing fee, the prisoner's case "[shall] not be accepted for filing" unless the prisoner pays the reduced fee within 30 days (or any longer period allowed by the court). If this provision were construed in line with the State's argument, a prisoner's petition for post-conviction relief would not be considered "filed" until (a) a judge rules on the prisoner's request for partial exemption from fees and (b) the prisoner pays the reduced fee.

The State's suggested interpretation of Criminal Rule 35.1 and AS 09.19.010 is at odds with the long-standing rule that a pleading may satisfy a filing deadline even though the pleading is technically deficient. For example, ninety years ago (when Alaska was a United States territory governed by

---

1. See AS 12.72.020(a)(3)-(4). See also SLA 1995, ch. 79, § 40 (setting a special period of limitations for defendants convicted before July 1, 1994).

2. Under AS 09.19.010, courts are prohibited from granting prisoners total exemption from filing fees.

federal law), the Ninth Circuit declared that appellate pleadings filed within the relevant time limit would be considered timely despite a technical defect or omission in the pleadings. In *Corcoran v. Kostrometinoff*[3], the court ruled that a notice of appeal would be deemed timely despite the fact that the appellant failed to file the required cost bond until after the deadline for filing the appeal had passed.

More importantly, the State's interpretation of the law could easily lead to unfairness and unreasonable discrimination among petitioners. If we construed AS 09.19.010(e) to mean that the statute of limitations remains unsatisfied until the court system rules on a prisoner's request for partial exemption from the filing fee and sets the amount of the reduced fee, then the timeliness of the prisoner's petition would hinge on factors completely beyond the prisoner's control.

The court system might easily take two or three weeks to process a prisoner's request for partial exemption from the filing fee.[4] Moreover, the statute then allows the prisoner 30 days (or longer, at the judge's discretion) to pay the reduced fee. If we were to read AS 09.19.010(e) in the manner the State suggests, then even when a prisoner submitted a request for partial fee-exemption at the same time as they submitted their underlying petition for post-conviction relief, the prisoner's case would not be "filed" for another six to eight weeks—perhaps longer. Thus, prisoners who submitted their petitions 30, 40, or even 50 days in advance of the statute of limitations deadline would still find themselves thrown out of court because of this built-in judicial delay in "filing" their petitions.

It would be unconscionable to deny prisoners the opportunity to litigate their claims because of systemic delays. It would also be unconscionable if, between two prisoners who file their petitions weeks in advance of the statute of limitations deadline, one prisoner were allowed to litigate and the other barred from litigating simply because the first prisoner's request for filing-fee exemption was routed to a judge who decided the request the next day, while the other prisoner's request was routed to a judge who was on vacation, so that the request sat unread on the judge's desk for two or three weeks.

These considerations are strong arguments against the State's suggested interpretation of AS 09.19.010. But how else are we to interpret the legislature's statement that a prisoner's case is not to be "accepted for filing" until the court makes its filing fee determination and the prisoner pays the reduced fee? Two federal cases decided last year—*Nichols v. Bowersox*[5] and *Jones v. Bertrand*[6]—provide the proper answer to this question.

*Nichols* and *Jones* involved prisoners who filed petitions for *habeas corpus*. In both cases, the petitions were dismissed as time-barred. Even though the petitions themselves were filed within the time allowed by the relevant statute of limitations, the petitions were not accompanied by either the filing fee or an order allowing the prisoner to proceed *in forma pauperis*.[7] The federal district courts ultimately granted both prisoners the right to proceed *in forma pauperis*, but by then the statute of limitations had expired.

Rule 3(b) of the Federal Rules Governing Section 2254 Cases (*i.e.*, *habeas corpus* litigation brought by federal prisoners) is quite similar to AS 09.19.010(b) and (e). Rule 3(b) declares that the federal district court "shall file the petition" and enter it into the court docket only "[u]pon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed *in forma pauperis*". Based on this provision of Rule 3(b), the district courts in both *Nichols* and *Jones* ruled that the prisoners' petitions were not

---

**3.** 164 F. 685, 686–87 (9th Cir.1908).

**4.** The clerk's office must refer the request to a judicial officer, the judicial officer must examine the request and issue a decision, this decision must be communicated to the clerk's office and a written order prepared, and then this order must be distributed.

**5.** 172 F.3d 1068 (8th Cir.1999) (*en banc*).

**6.** 171 F.3d 499 (7th Cir.1999).

**7.** *Nichols,* 172 F.3d at 1071; *Jones,* 171 F.3d at 500.

"filed" until after the statute of limitations expired.

■ But on appeal, both the Seventh Circuit and the Eighth Circuit rejected this interpretation of Rule 3(b). As the Eighth Circuit stated in *Nichols*, the rule "tell[s] the clerk's office *how* to process the petition once [it is] received", but the rule "do[es] not ... address the question [of] whether, for purposes of applying the one-year period of limitation ..., the moment of filing occurs when the petition is [initially] delivered ... or upon some later event." [8] As the Seventh Circuit held in *Jones*, the rule merely governs "the filing requirements for procedural purposes"; it does not address "statute of limitations concerns." [9]

We agree with the reasoning of these two federal cases (and the cases that they cite). We therefore interpret AS 09.19.010 as these two federal circuits interpreted their Rule 3.

■ AS 09.19.010 establishes the procedural requirements that prisoners must meet before a court will allow their petitions for post-conviction relief to go forward—requirements that must be satisfied before the court will require the State to file an answer and before the court will allow the litigation to proceed to discovery and trial. One of these procedural requirements is the payment of a filing fee—either the full fee set by law or a reduced fee set by the court when the prisoner applies for a partial exemption under AS 09.19.010(b). But, for purposes of deciding whether a petition is filed within the time limits established in AS 12.72.020(a)(3)-(4), the relevant event is the filing of the petition itself—even if the prisoner fails to accompany the petition with either a filing fee or an application for reduced fee.

The State argues that if we interpret the statute this way, we defeat the legislative purposes that underlie the statute—specifically, the legislature's desire to deter frivolous and stale claims. We do not agree. Under our interpretation of the statute, a prisoner must still file their petition for post-conviction relief within the time allowed by the statute of limitations. If the petition is not accompanied by either a filing fee or an application for partial exemption from the fee, and if the prisoner fails to correct this deficiency within a reasonable period of time, the court can dismiss the petition. In other words, prisoners must still pursue their claims diligently, and they must still pay a filing fee. Our interpretation of the statute preserves these legislative aims. At the same time, we avoid the injustice that might occur under the State's interpretation of the statute—the unfairness of having petitions for post-conviction relief declared untimely because of an administrative process that is beyond a prisoner's power to control or ameliorate.

■ Mullin filed his petition for post-conviction relief within the time allowed by the governing statute of limitations. When the clerk's office notified Mullin that his petition could not be processed until he either paid the filing fee or applied for a partial exemption from the fee, Mullin acted diligently to cure this defect. Accordingly, the superior court should not have dismissed Mullin's petition.

The order dismissing Mullin's petition is REVERSED. Mullin's petition is reinstated, and this case is remanded to the superior court for renewed proceedings on that petition.

---

8. *Nichols*, 172 F.3d at 1077.

9. *Jones*, 171 F.3d at 503. *See also* the Advisory Committee Note to Federal Appellate Rule 3(e). Appellate Rule 3(e) states that, "[u]pon filing a notice of appeal, the appellant must pay the district clerk all required fees." But the accompanying Advisory Committee Note declares that, in accordance with prevailing law, "[an appellant's] failure to prepay the statutory filing fee does not constitute a jurisdictional defect."