Albert LEE, et al., Plaintiffs–Appellants,

v.

COUNTY OF COOK, et al., Defendants–Appellees.

No. 00–1999.

United States Court of Appeals, Seventh Circuit.

Submitted March 12, 2001.*

Decided March 12, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

Before BAUER, KANNE, and ROVNER, Circuit Judges.

## ORDER

Six current or former state prisoners brought this suit alleging that a plethora of government officials violated their constitutional rights while they were pretrial detainees in the custody of the Cook County Department of Corrections. On February 24, 1998, the district court dismissed the action for failure to state a claim under 28 U.S.C. § 1915(e)(2). On March 15, 1998, the plaintiffs moved for reconsideration, and on September 17, 1998, they filed a "motion to reinstate action." On March 15, 2000, the district court denied both motions. On April 17, 2000, the plaintiffs filed a notice of appeal.

In their brief on appeal, the plaintiffs pursue a number of arguments, but we have no jurisdiction to consider any of them. The time for the plaintiffs to appeal began running on February 24, 1998, the date the district court entered its order dismissing their complaint. The plaintiffs had 30 days from that date, or March 27, 1998, to file their appeal. *See* Fed. R.App. P. 4(a)(1)(A). But the plaintiffs did not file an appeal until more than two years later. In their brief on appeal, the parties assume that the plaintiffs' motion for reconsideration tolled the time in which the plaintiffs could appeal. The district court thought so, construing the motion as one under Federal Rule of Civil Procedure 59(e). *See* Fed. R.App. P. 4(a)(4)(A)(v). Though the motion was filed on March 15, more than 10 days after entry of judgment, the district court purported to apply the "mailbox rule" and treated the motion as timely because the plaintiffs executed a declaration attesting to the truthfulness of its contents on March 4.

The mailbox rule, as laid out by the Supreme Court in *Houston v.. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), holds that prisoners who do not have a lawyer are deemed to file a notice of appeal from an adverse judgment when they deliver the notice to the prison authorities. Although the mailbox rule has been adopted in evaluating the timeliness of papers filed in the court of appeals, Fed. R.App. P. 4(c)(1); 25(a)(2)(C), and for habeas petitions, *see Jones v. Bertrand,* 171 F.3d 499, 501 (7th Cir.1999), we have not decided whether the rule should be extended to all filings in the district court. *See Jones,* 171 F.3d at 501. Two of our sister circuits have applied the mailbox rule to Rule 59(e) motions. *Garrett v. United States,* 195 F.3d 1032, 1034 (8th Cir.1999); *Anyanwutaku v. Moore,* 151 F.3d 1053, 1057 (D.C.Cir.1998). Other circuits have applied the rule to § 1983 actions, *see Cooper v. Brookshire,* 70 F.3d 377 (5th Cir.1995); *Lewis v. Richmond City Police Dep't,* 947 F.2d 733 (4th Cir. 1991), to Federal Tort Claim Act cases, *see Garvey v. Vaughn,* 993 F.2d 776 (11th Cir.1993), and to discovery requests, *see Faile v. Upjohn Co.,* 988 F.2d 985 (9th Cir.1993).

But we need not decide here whether the mailbox rule should apply generally to filings in the district court because the plaintiffs in this action did not comply with the rule. In order to receive the benefit of the mailbox rule, prisoners must demonstrate that they timely presented their submissions to prison authorities for mailing. *See Houston,* 487 U.S. at 275. Rules 4 and 25 of the Federal Rules of Appellate Procedure set forth how prisoners may demonstrate timeliness when filing a notice of appeal. Under these rules, prisoners may demonstrate timely filing with a declaration or a notarized statement setting forth the date of deposit into the prison mail system, and attesting that first-class postage has been prepaid.

Here, the plaintiffs' motion for reconsideration did not contain a declaration or notarized statement, nor is there any other evidence in the record demonstrating when the motion was delivered for mailing. The district court concluded that the motion was timely because it contained a declaration from the plaintiffs dated March 4. But the declaration only verifies that the information contained in the motion is correct; it does not indicate when the plaintiffs delivered the motion to the prison mail room, or, indeed, whether they used the prison mail system at all. Consequently, their motion was not a timely Rule 59(e) motion and did not toll their time to appeal.

If recognizable at all, the March 15 motion, like the ensuing "motion to reinstate action," could have been brought only under Federal Rule of Civil Procedure 60(b) because it was filed more than 10 days after entry of judgment. *See United States v. 47 West 644 Route 38, Maple Park, Ill.,* 190 F.3d 781, 783 n. 1 (7th Cir.1999), *cert. denied,* 529 U.S. 1005, 120 S.Ct. 1270, 146 L.Ed.2d 220 (2000). Rule 60(b) allows a court to relieve a party from a judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The plaintiffs' motions do not attempt to invoke any of these grounds, but instead merely take issue with the district court's legal conclusions. Because their motions did not suggest a valid basis for collateral attack, they are nothing more than void attempts to resurrect their lost appeal. *See Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir.2000).

The plaintiffs' appeal is DISMISSED.