

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2007

# USA v. Mathis

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Mathis" (2007). *2007 Decisions.* Paper 863.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/863

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4089
____

UNITED STATES OF AMERICA

v.

JAMES MATHIS,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No.98-cr-00495-1)
District Judge: Honorable Bruce W. Kauffman

_____

Argued May 8, 2007

Before: RENDELL and JORDAN, Circuit Judges,
and VANASKIE, District Judge.

(Filed   June 29, 2007)

_____

∗  Honorable Thomas I. Vanaskie, Judge of the United States District Court for the
Middle District of Pennsylvania, sitting by designation.

James M. Fox   **[ARGUED]**
Suite 300
84 State Street
Boston, MA  02109

*Counsel for Appellant*
*James Mathis*


Nancy B. Winter    **[ARGUED]**
Office of U.S. Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106

*Counsel for Appellee*
*United States of America*


_____

OPINION OF THE COURT
_____


RENDELL, <u>Circuit Judge</u>.

James Mathis appeals the District Court's dismissal of his § 2255 motion as time-barred.  Six years ago Mathis filed a motion that would have been deemed timely had the District Court found it to have complied with the forms for § 2255 motions, or had deemed the filing timely subject to amendment.  The District Court entered various orders regarding Mathis's compliance with form requirements before it accepted Mathis's filing in June 2002.  The District Court subsequently dismissed the motion as time-barred in July 2005.  We find that the motion should be deemed timely filed and will remand for a determination on the merits.

2

FACTUAL AND PROCEDURAL HISTORY

Mathis pleaded guilty in federal court to two drug offenses on November 23, 1998. A sentence of 120 months was imposed on June 26, 2000. Mathis did not pursue a direct appeal. His conviction became final ten days after his conviction,[1] on July 12, 2000, and thus Mathis had until July 12, 2001 to file his § 2255 motion.

Mathis signed his *pro se* motion on June 28, 2001, and the District Court docketed it as a § 2255 motion to vacate, set aside, or correct the sentence.[2] Had the motion been in strict compliance with the form requirements, it would have been timely. The District Court issued a noncompliance order on July 9, 2001, stating: "[T]his petition was not filed with the standard 28 U.S.C. § 2255 form, as required by Local Civil Rule 9.3 . . . ." App. 1. The District Court ordered that Mathis be provided with the official § 2255 forms and ordered that he re-file the motion on the appropriate forms within 30 days or the motion would be dismissed. Mathis was told that when he re-filed, he could indicate whether he wanted to proceed with the *pro se* motion, or wanted to file one new all-inclusive habeas motion. The Court concluded: "if the petitioner meets the requirements

---

[1] *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").

[2] The substantive claims supporting the § 2255 motion are: (1) the conviction was obtained by an illegal and defective superseding indictment, (2) the district court lacked jurisdiction, (3) Mathis was denied effective assistance of counsel, and (4) Mathis's conviction and sentence were obtained unlawfully where the charged statute lacks a corresponding penalty provision in the sentencing guidelines.

3

of Local Civil Rule 9.3 but does not within thirty (30) days announce his intention to withdraw, the court will proceed to decide the pro se motion as filed and captioned." App. 1. Mathis did not re-file within 30 days.

The District Court dismissed the § 2255 motion on January 25, 2002, without prejudice, but on March 20th, 2002, the District Court vacated the dismissal and forwarded forms to Mathis with instructions to reply within 30 days. App. 20-21. According to a subsequent order by the District Court, "on March 19, 2002, this court Ordered petitioner to complete the standard 28 U.S.C. § 2255 form as directed by Local Rule 9.3 (that is, by setting forth his entire argument on the forms, without recourse to any attachments or reference to any other filings in this court.)." App. 2.

Mathis replied to the order by filing a motion dated April 15, 2002, which was docketed on April 22, 2002.[3] Mathis listed his four grounds plainly on the form, but included an attachment that set forth his argument, and in the spaces where the form asked him to list facts in support of his argument Mathis typed "See Memorandum of Law." On April 29, 2002, the District Court dismissed the § 2255 motion without prejudice, citing Mathis's failure to include all of his argument on the form. The Court wrote:

---

[3]The record does not reflect when the motion was given to prison authorities for mailing, which would be the appropriate filing date. *See Houston v. Lack*, 487 U.S. 266 (1988).

4

on March 19, 2002, this court Ordered petitioner to complete the standard 28 U.S.C. § 2255 form as directed by Local Civil Rule 9.3 (that is, by setting forth his entire argument on the forms, without recourse to any attachments or reference to other filings in this court), and, to return these correctly completed forms to the Clerk of the Court within thirty days, or this action would be dismissed . . .

. . . on April 22, 2002, petitioner returned the standard form, but it was not completed in the manner dictated by Local Civil Rule 9.3 and this Court's Order of March 19, 2002; more specifically, petitioner did not set forth his argument completely on the form, but instead made reference to an attached 21-page brief, plus exhibits . . . .

*Id.*

As the dismissal was without prejudice, Mathis filed a new form which was docketed on May 17, 2002. The District Court accepted this version and reopened the case "for all purposes" in June 2002. App. 3. The matter then appears to have languished.[4] On June 29, 2005, the District Court issued an opinion denying the § 2255 motion as untimely. The District Court stated: "Although Petitioner's first letter, if construed as a 2255 motion, may have been considered timely filed, it was dismissed as it did not comport with the standard for filing a 2255 motion and Petitioner did not notify the Court as ordered . . . of any intent to have this letter deemed a habeas corpus motion. All subsequent filings were untimely." App. 6.

---

[4]The docket reflects no activity on the motion between April 4, 2003 and March 19, 2004 except for a letter from Mathis informing the Court of a new mailing address.

5

Mathis argues that his § 2255 motion was in substantial compliance with the filing requirements, and that the "flawed, but timely, 2255 motion is properly docketed when mailed, provided the defendant later cures any defect within a reasonable time." Appellant's Br. 17. He argues that the April 2002 filing accomplished this.

DISCUSSION

We have jurisdiction pursuant to 28 U.S.C. § 2253. We issued a certificate of appealability on June 8, 2006 on the issue of whether Mathis's motion was properly denied as time-barred. We exercise plenary review over questions of law and review findings of fact for clear error. *Lambert v. Blackwell*, 134 F.3d 506 (3d Cir. 1997). Under Rule 2(c) of the Rules Governing Section 2255 Proceedings, § 2255 motions "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rule 9.3 of the Local Civil Rules for the Eastern District of Pennsylvania states the following:

> (a) All petitions for writs of habeas corpus and all motions pursuant to 28 U.S.C. 2255 shall be filed on forms provided by the Court and shall contain the information called for by such forms. The required information shall be set [forth] concisely and legibly. Ordinarily, the court will consider only those matters which are set forth on the forms provided by the court. Any attempt to circumvent this requirement by purporting to incorporate by reference other documents which do not comply with this Rule may result in dismissal of the petition.
>
> (b) Any petition filed under 28 U.S.C. 2254 or motion filed under 28 U.S.C. 2255 which does not substantially comply with Rules 2 and 3 of the Rules governing petitions and motions filed under those sections may be returned by the

6

> Clerk of the Court to the petitioner, if a judge of the court so
> directs, together with a statement of the reason for its return.
> A copy of any petition or motion returned for failure to
> comply shall be retained by the Clerk.

The parties agree that the Rules Governing § 2255 motions were amended in 2004 to make explicit the instruction, established by two pre-2004 cases (*Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999), and *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998)), that courts deem partially flawed § 2255 motions timely so as not to jeopardize a petitioner's AEDPA year.[5]  Similarly, the parties agree that, pre-2004, a motion that substantially complied with the Local Rules should be deemed timely.

The District Court chose not to deem the initial filing timely because it was not on the right forms, and instead dismissed it "without prejudice."  It took up the case (perhaps not realizing that the AEDPA year had run), and dismissed a second time "without prejudice" because the forms stated "See Memorandum of Law" where it asked for the facts supporting the motion, even though the grounds for the motion were listed clearly on the forms.  In each case, the District Court unnecessarily jeopardized Mathis's AEDPA year in the face of his persistent efforts to comply substantially with the form requirements.

---

[5]*See, e.g.*, Appellee's Br. 27 ("Although <u>Harris</u> [<u>v. Vaughn</u>, 129 Fed. Appx. 684 (3d Cir. 2005) ] was decided according to the version of the Rules existing prior to the 2004 amendments . . . the post-amendment Rules simply appear to codify the reasonableness standard embraced by <u>Harris</u> and <u>Jones</u> for assessing the timeliness of improper petitions filed before the termination of the one-year period, but corrected afterwards.").

*Pro se* § 2255 motions are to be read liberally, *see Higgins v. Beyer*, 293 F.3d 683 (3d Cir. 2002), and that fact was given insufficient consideration here. We conclude that writing "See Memorandum of Law" in the fact section of the forms did not mean that Mathis had failed to "substantially follow" the Rules Governing § 2255 Proceedings and Local Rule 9.3. Mathis listed his grounds plainly on the forms, and his actions reflect a diligent attempt to navigate the rules governing § 2255 motions. There is no indication that Mathis's attachment was intended to circumvent the filing requirements or to burden the District Court with the task of determining the grounds for his motion.[6] His April 2002 motion was dated April 15, and the District Court may have unfairly considered the motion as having been filed when docketed, rather than the day it was handed to the prison official. *See Houston v. Lack*, 487 U.S. 266 (1988). Moreover, in light of the District Court's acceptance of the May 2002 motion and the Court's reopening of the case "for all purposes" we find the dismissal–three years later–to be arbitrary. In sum, we think it clear that substantial compliance with the rules requires no more than what Mathis has done here.

CONCLUSION

---

[6]We do not rule that the statement "See Memorandum of Law" required the District Court to consider the arguments set forth in that document. We need not decide that issue here. It is sufficient to say that Mathis's insertion of that statement did not, in and of itself and light of the circumstances here, render his filing anything less than substantially compliant with the applicable rules.

For the reasons set forth, Mathis's filings substantially followed the rules governing § 2255 proceedings, and accordingly his § 2255 motion should have been deemed timely. We will accordingly VACATE the District Court's Order and REMAND the motion for a determination on the merits.

_____