59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cortez C. GUYTON, Defendant-Appellant.
 No. 94-3924.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 4, 1995.
Decided May 16, 1995.
 
 Before MESKILL,* FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 Cortez Guyton was convicted of one count of conspiring to distribute cocaine and cocaine base in violation of 21 U.S.C. Sec. 846 and 841(a)(1). At sentencing, the district court calculated Guyton's base offense level at 47, which under the Sentencing Guidelines mandated that he receive a life sentence. On appeal, we affirmed Guyton's conviction, but reversed the district court's calculation of the amount of cocaine base for which could be attributable to Guyton under U.S.S.G. Sec. 2D1.1(c)(3), along with the court's finding that he had exercised control over four other members of the conspiracy and thus qualified for the four-level enhancement under U.S.S.G. Sec. 3B1.1(a). United States v. Guyton, 36 F.3d 655, 661-663 (7th Cir. 1994). Consequently, we vacated Guyton's sentence and remanded to the district court for resentencing consistent with our opinion.
 
 
 2
 At resentencing, the district court determined that Guyton qualified for a two-level enhancement pursuant to Sec. 3B1.1(c) because the evidence of record demonstrated that he exercised control over at least two members of the conspiracy. As a result of this and other enhancements, Guyton's base offense level came to 43. Although this was four levels less than the district court's previous base offense level calculations, it was still enough to qualify him for a life sentence under the Sentencing Guidelines. That is what he received, and he now appeals to this court challenging the district court's factual determination that he exercised sufficient control over the two members of the conspiracy to warrant enhancement under Sec. 3B1.1(c).
 
 
 3
 This argument, however, is foreclosed by our original disposition of this case. After thoroughly reviewing the sentencing record in Guyton's original appeal, this same panel made it crystal clear that Guyton had enlisted two other named co-defendants into his distribution scheme. See Guyton, 336 F.3d at 662 ("[t]here is no question that Guyton enlisted both Morris and Calhoun in his efforts to distribute crack cocaine, which is enough to demonstrate that he controlled them for purposes of Sec. 3B1.1(a)"). This conclusion was reached after a meticulous review of Guyton's entire sentencing record. The district court came to the same conclusion after reviewing the record again at sentencing. We will not revisit the issue. Consequently, the district court's application of the two-level enhancement under Sec. 3B1.1(c) is supported by the evidence and is therefore AFFIRMED.
 
 
 
 *
 Hon. Thomas J. Meskill, of the Second Circuit, sitting by designation