Before COFFEY, EASTERBROOK, and WILLIAMS, Circuit Judges.

Cortez C. GUYTON, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 99–2345.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 17, 2001.

Decided Sept. 26, 2001.

### ORDER

Cortez Guyton was convicted by a jury of conspiracy to distribute cocaine base ("crack" cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 846. He appealed, and this court affirmed the conviction, but vacated his sentence and remanded for resentencing. *See United States v. Guyton,* 36 F.3d 655 (7th Cir.1994). Guyton was resentenced in the district court, he again appealed, and this court affirmed the sentence. *See United States v. Guyton,* 59 F.3d 173 (7th Cir.1995) (unpublished opinion). Guyton then filed a petition, pursuant to 28 U.S.C. § 2255, collaterally attacking his conviction and sentence. The district court dismissed the petition, erroneously concluding that it was untimely, rejecting the application of the mailbox rule under which Guyton's petition would have been timely. This time, Guyton did not appeal. Instead, pursuant to 28 U.S.C. § 2255 and Federal Rule of Civil Procedure 60(b), over one and one half years after the district court's first dismissal, Guyton filed a second petition *nunc pro tunc* (Latin for "now for then" or "having retroactive effect"). Guyton asked the district court to correct its prior error, citing *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), which adopted the mailbox rule for the filing of notices of appeal under Fed. R.App. P. 4(a)(1). The district court dismissed this second petition, because Guyton failed to receive this court's permission to file it. *See* 28 U.S.C. § 2255 (limiting the filing of "second or successive" petitions to two statutorily defined circum-

**540**

stances that must first receive certification according to § 2244 by the appropriate court of appeals). Guyton now appeals.

Had Guyton appealed the district court's dismissal of his first petition, when the question of the propriety of the dismissal was open, we could have corrected the district court's error. *See Jones v. Bertrand,* 171 F.3d 499 (7th Cir.1999) (adopting the mailbox rule for the filing of § 2255 petitions). Had Guyton appealed the district court's dismissal and this court initially affirmed, but later rejected that decision, we probably still could have corrected both errors (in the district court and on appeal) when he sought to file a second or successive § 2255 petition. *See Muniz v. United States,* 236 F.3d 122 (2d Cir.2001). Had Guyton filed his Rule 60(b) motion in the district court within the one-year limitation in that rule, the district court probably could have corrected its own error. *See Banks v. United States,* 167 F.3d 1082 (7th Cir.1999). But because Guyton failed to appeal and brought what can now only be considered a second petition, over one and one half years after his first petition was dismissed, we are without the power to correct *his* error. The district court's decision was not a technical or procedural one, for which this court would ordinarily consider an additional petition non-successive. *See Benton v. Washington,* 106 F.3d 162, 164 (7th Cir. 1996). Rather, Guyton's petition was dismissed because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations, which operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim. *See* Fed.R.Civ.P. 41(b); *cf. In re Page,* 179 F.3d 1024 (7th Cir.1999). Although the district court's

decision was subsequently determined to be error, *see Jones,* 171 F.3d at 502, in Guyton's circumstance, the only option was to appeal. Having failed to appeal, we treat his new petition as a second petition, for which he has not sought nor received permission to file from this court. The district court therefore properly dismissed his petition for lack of jurisdiction. *See Nunez v. United States,* 96 F.3d 990 (7th Cir.1996).

AFFIRMED