**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tyree NEAL, Defendant–Appellant.**

**No. 01–2534.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 24, 2002.

Decided July 24, 2002.

Rehearing Denied Sept. 13, 2002.

Before BAUER, RIPPLE, and MANION, Circuit Judges.

## ORDER

Tyree Neal, Sr. pleaded guilty to conspiracy to possess with intent to distribute cocaine and crack cocaine and distribution of cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841 and 846, and was sentenced to 137 months' imprisonment. Mr. Neal appeals, and his counsel moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern any nonfrivolous issue for appeal. Our review is limited to the potential issues discussed in counsel's thorough *Anders* brief and in Mr. Neal's responses filed pursuant to Circuit Rule 51(b). *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss this appeal.

The facts presented during Mr. Neal's change-of-plea colloquy, which he admitted were true, establish the following. Beginning in approximately 1999, Mr. Neal conspired with numerous other individuals, including Randy Moss, to distribute more than five grams of crack cocaine and an unspecified amount of powder cocaine in Saline County, Illinois. Between 1999 and November 2000, Mr. Neal obtained powder cocaine from Moss for distribution to others. In September 2000, Mr. Neal and Chad Sanders, a co-conspirator, distributed cocaine to a confidential informant. This transaction was recorded and surveilled by law enforcement officers. During

the transaction, Sanders cooked a portion of the cocaine into crack.

In November 2000, Mr. Neal and his co-conspirators were indicted in the Southern District of Illinois. Mr. Neal was charged with conspiracy to possess with the intent to distribute cocaine and crack and for distribution of cocaine and crack, in violation of 21 U.S.C. §§ 841 and 846. In March 2001 he entered an open guilty plea to both charges. Based on information contained in Mr. Neal's pre-sentence investigation report (PSR), the district court found that he was responsible for the distribution of 3.6 grams of crack cocaine and approximately 312 grams of cocaine, giving him a base offense level of 26. The court adjusted his offense level by 2 points under United States Sentencing Guideline § 2D1.1(b)(1) for possessing a firearm during a drug offense, and denied Mr. Neal's request for a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. Based on his adjusted offense level of 28 and his criminal history category of IV, the court determined that Mr. Neal's sentencing range was 110 to 137 months. The court sentenced him to the top of that range, and Mr. Neal appeals.

■ Counsel first considers whether Mr. Neal could challenge the district court's denial of a pro se motion he filed to dismiss the indictment. This issue would be frivolous, however, because Mr. Neal filed his motion to dismiss the indictment on May 9, 2001, almost three months after he pleaded guilty. Because Mr. Neal did not raise any jurisdictional flaws in his motion—he argued only that the evidence did not show that he was guilty of the crimes charged—he waived any challenge to the indictment by not raising it before his guilty plea. *See United States v. Cain*, 155 F.3d 840, 842 (7th Cir.1998); *United States v. Scherl*, 923 F.2d 64, 66 (7th Cir. 1991).

■ Counsel next examines whether Mr. Neal could assert that the district court erred in denying his motion to withdraw his guilty plea, a decision we would review only for an abuse of discretion. *United States v. Milquette*, 214 F.3d 859, 861 (7th Cir.2000). As counsel correctly notes, the district court's plea colloquy complied fully with Fed.R.Crim.P. 11 and he could not challenge his plea on that basis. The court informed Mr. Neal of the nature of the charges against him, the applicable mandatory minimum and maximum sentences he faced, the effect of supervised release, and the application of the Guidelines to his case. *See* Fed.R.Crim.P. 11(c)(1). The court also informed him of his right to maintain his plea of not guilty, and explained the rights he was giving up by pleading guilty, including his right to a jury trial. *See* Fed.R.Crim.P. 11(c)(3) and (4). The court also told Mr. Neal that he could be charged with perjury if he gave any false answers during the plea colloquy, *see* Fed.R.Crim.P. 11(c)(5), and made sure that he was pleading guilty voluntarily and had not been threatened or given any promises to induce his plea, *see* Fed. R.Crim.P. 11(d). Finally, the government presented a factual basis for the charges against Mr. Neal, and he agreed that the facts as presented by the government were true. *See* Fed.R.Crim.P. 11(f). We therefore agree with counsel that any challenge to the voluntariness of Mr. Neal's plea agreement would be frivolous.

Counsel also examines whether Mr. Neil could challenge his guilty plea on the basis that he was actually innocent of the charges against him. This challenge would also be frivolous because when he pleaded guilty, Mr. Neal admitted facts supporting each element of the crimes charged. *See United States v. Wallace*, 280 F.3d 781, 784 (7th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 2641, ——

L.Ed.2d —— (2002). Although he attempted in his motion to contradict the admissions he made under oath by providing allegedly exculpatory evidence and claiming that his prior statements were untrue, such efforts did not constitute a sufficient reason for Mr. Neal to withdraw his guilty plea, *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir.1999), and we could not find that the district court abused its discretion by denying his motion.

Counsel next considers whether Mr. Neal could argue that the district court erred by denying two motions to dismiss his second attorney, Mr. Herman (one submitted by Mr. Herman at Mr. Neil's insistence and one submitted pro se by Mr. Neal). Both motions were filed after Mr. Neal had entered his guilty plea and after he had already been appointed a new attorney, Mr. Herman, because he filed charges with the Attorney Registration and Disciplinary Commission against his first attorney. The crux of the motions was that Mr. Herman had provided ineffective assistance by refusing to file motions Mr. Neal thought should be filed and by conspiring with the government to coerce him to plead guilty.

Because Mr. Neal had an opportunity to explain the reasons behind his request for new counsel to the court, we would review the denial of his motions for an abuse of discretion. *United States v. Huston*, 280 F.3d 1164, 1167 (7th Cir.2002); *United States v. Zillges*, 978 F.2d 369, 371 (7th Cir.1992). In determining whether the district court abused its discretion, we would consider three factors: 1) the timeliness of the motions; 2) the adequacy of the district court's inquiry into the requests; and 3) whether the conflict between the defendant and counsel was so great that it resulted in a total lack of communication and an inability to present an adequate defense. *Huston*, 280 F.3d at 1167. We could find no abuse of discretion here. First, Mr. Neal's motions were untimely. *See United States v. Hall*, 35 F.3d 310, 313 (7th Cir.1994) (motion made after guilty plea not timely). Second, although the district court did not hold a hearing on the motions, Mr. Neal's pro se motion detailed the reasons he wanted to have his attorney dismissed. Thus, a hearing was not required. *Zillges*, 978 F.2d at 371 (quoting *United States v. Seale*, 461 F.2d 345, 359 (7th Cir.1972)). Finally, there is no evidence to indicate that Mr. Neal and his attorney were unable to communicate with each other and that his defense was compromised in any way. *See Hall*, 35 F.3d at 314. Rather, as the district court stated at Mr. Neal's sentencing hearing, the record reflects that counsel "labored diligently under the most extreme circumstances and in every respect he has fulfilled his duty as an officer of the court." (Tr. of Sentencing Hrg. at 92.) Mr. Neal therefore could not show that the district court abused its discretion in denying his motions to appoint new counsel.

Counsel also considers whether Mr. Neal could assert that the district court erred in sentencing him. Counsel first examines whether Mr. Neal could challenge the drug quantity, criminal history, and offense level calculations contained in the PSR and adopted by the district court. Any challenge to the district court's calculations would be frivolous, however, because Mr. Neal filed insufficient objections to the PSR. Mr. Neal's objections to the PSR were simple denials that he had engaged in the conduct set forth in the PSR; he presented no evidence to refute the information contained therein. *See United States v. Taylor*, 72 F.3d 533, 547 (7th Cir.1995); *United States v. Mustread*, 42 F.3d 1097, 1101 (7th Cir.1994) (defendant bears burden of providing evidence to re-

fute the information in the PSR; simple denials of the truth of the information therein is not sufficient).

Counsel also considers whether Mr. Neal could challenge the district court's findings with respect to the two-point adjustment to his offense level under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the commission of a drug offense. We would review the district court's imposition of the two-level adjustment only for clear error, *United States v. Booker*, 248 F.3d 683, 688–89 (7th Cir. 2001), and could find none here. Ample evidence demonstrated that Mr. Neal possessed a firearm during the course of the drug conspiracy—at least three of his co-conspirators testified that Mr. Neal always carried a .25 caliber pistol. Mr. Neal offered no evidence to rebut these allegations.

■ Counsel also considers whether Mr. Neal could argue that the district court erred by failing to give him a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We would review the district court's decision only for clear error, *United States v. Mayberry*, 272 F.3d 945, 948 (7th Cir.2001), and we agree that this argument would be frivolous. Mr. Neal sought to withdraw his plea on the basis that he was not guilty of the crimes to which he pleaded guilty; this motion alone was reason enough for the district court to deny the three-level reduction. *See United States v. Schuh*, 289 F.3d 968, 975–76 (7th Cir.2002). He also filed a motion to dismiss his attorney in which he asserted that he had "never committed" the crimes he was charged with, Rec. Doc. 253 ¶ 2, and maintained at his sentencing hearing that he was not involved in any conspiracy, contrary to the admission he made during his change-of-plea colloquy. A defendant who pleads guilty is not entitled to a reduction for acceptance of responsibility where, as here, he exhibits conduct that is "inconsistent with ... acceptance of responsibility," U.S.S.G. § 3E1.1, Application Note 4, and any challenge to the court's § 3E1.1 determination would be frivolous.

Counsel last examines whether a claim of ineffective assistance could be raised based on Mr. Neal's repeated claims to the district court that his attorneys misled him and conspired with the prosecutor. As counsel correctly observes, the record does not provide clear evidence of the ineffective assistance of counsel, and any such argument is not ripe for adjudication. *United States v. Garrett*, 90 F.3d 210, 214–15 (7th Cir.1996). If Mr. Neal wishes to claim ineffective assistance, he should do so in a collateral proceeding.

Mr. Neal's Rule 51(b) responses to counsel's motion to withdraw are largely repetitive of counsel's motion, but also contain an argument that the government breached a verbal plea agreement by "failing to give [him] his promised, (3) three point reduction for cooperation." (Neal's Objections to *Anders* Br. at 13.) This argument would also be frivolous, however, because it is the district court, not the government, that determines whether a defendant is entitled to a reduction for acceptance of responsibility. *See* Fed.R.Crim.P. 11(e)(1)(B) (district court not bound by government's recommendation regarding Sentencing Guidelines); *United States v. Vaughn*, 7 F.3d 1533, 1537 (10th Cir. 1993)(same).

Mr. Neal has also filed in this court two motions which we take with the case: a May 22 "Motion for Appointment of Appellate Counsel" and a July 12 "Motion That This Court Order the Clerk of the District Court to Forward Appellant the Record." In light of our conclusion that Mr. Neal could present no non-frivolous arguments on appeal, these motions are denied.

Accordingly, for the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Mr. Neal's appeal. Mr. Neal's May 22 motion for appointment of counsel and July 12 motion to forward the record are DENIED.