In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 03-1968 & 05-1736

BILL J. BENEFIEL,

*Petitioner-Appellant,*

*v.*

CECIL DAVIS, Superintendent, Indiana State Prison,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. TH 00-057-C-Y/H — **Richard L. Young**, *Judge.*

SUBMITTED MARCH 28, 2005 — DECIDED MARCH 31, 2005[†]

Before BAUER, EASTERBROOK, and EVANS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Bill Benefiel, who is under
sentence of death, exhausted his claims in state court, and this
court held that he is not entitled to federal collateral relief.
*Benefiel v. Davis,* 357 F.3d 655 (7th Cir.), cert. denied, 125 S. Ct.
481 (2004). Indiana has set an execution date of April 21, 2005.

Benefiel wants another round of federal collateral review.
To obtain it, he needs this court's permission under 28 U.S.C.
§2244(b). But he has not applied under this provision, doubtless
because his lawyers recognize that its conditions cannot be sat-

---

[†] This opinion is being issued in typescript to provide petitioner with
time to seek a stay from the Supreme Court. See Circuit Rule 22(e)(2). A
printed copy will follow.

isfied. He contends that *Smith v. Texas*, 125 S. Ct. 400 (2004), makes it "clear" that the district court (and presumably this court) erred in denying his original application for relief. But he does not contend that *Smith* establishes a new rule of constitutional law that the Supreme Court has declared to apply retroactively, so it does not permit a second round of federal collateral review.

Moreover, the Supreme Court denied Benefiel's petition for certiorari while *Smith* was under advisement, and it denied his petition for rehearing two months after issuing *Smith*. See 125 S. Ct. 953 (2005). Had that Court thought that *Smith* bore on the propriety of our decision, it would have held Benefiel's petition for its issuance and then remanded for further proceedings. Alternatively it could have granted rehearing and remanded, if any relation between *Smith* and Benefiel's case was not evident earlier. Either step would have obviated any need to satisfy §2244(b). Instead the Court denied Benefiel's petition outright.

In an effort to avoid the statutory limits on multiple collateral litigation, Benefiel asked the district court to reopen the original proceedings under Fed. R. Civ. P. 60(b). (The motion referred to the court's "inherent equitable powers," which adds nothing. See *Landau & Cleary, Ltd. v. Hribar Trucking, Inc.*, 867 F.2d 996, 1002 (7th Cir. 1989). ) The district court denied the motion, treating it as a poorly disguised attempt to obtain a second round of federal collateral review. Under *Nuñez v. United States*, 96 F.3d 990 (7th Cir. 1996), a district court has no option other than to dismiss such a request for want of jurisdiction and advise the petitioner to file the appropriate motion in this court. Instead of filing a motion under §2244(b), Benefiel filed a notice of appeal, which has been docketed as No. 05-1736. He also asked us to (a) recall our mandate and reopen our original decision in No. 03-1968, and (b) issue a stay of execution. We shall do neither. Instead we summarily affirm the district court's decision.

The district court's decision is compelled by circuit law. Benefiel's Rule 60(b) motion was equivalent to a fresh collateral attack. See, e.g., *Dunlap v. Litscher*, 301 F.3d 873 (7th Cir. 2002); *Burris v. Parke*, 130 F.3d 782 (7th Cir. 1997). Although the Supreme Court has under consideration the question when Rule 60(b) motions should be treated as subsequent collateral proceedings, see *Gonzalez v. Crosby*, cert. granted, 125 S. Ct. 961 (2005) (to be argued Apr. 25, 2005), none of the positions taken

by the different circuits would assist Benefiel. The position most favorable to him--the majority opinion in *In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004) (en banc)--would deem his motion a successive collateral attack because it contests the constitutionality of his conviction, as opposed to the adequacy of the federal proceedings. Unless the Supreme Court were to adopt in *Gonzalez* a position that has not prevailed in any circuit, Benefiel has no prospect of success.

Actually he has no prospect of a favorable outcome even if the Supreme Court were to decide in *Gonzalez* that a Rule 60(b) motion *never* counts as a successive collateral attack. For to prevail, Benefiel still would need a good motion under Rule 60(b), and it is established that decisions released after a judgment becomes final do not justify reopening that judgment under Rule 60(b). See, e.g., *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074 (7th Cir. 1997). The district judge did not abuse his discretion in applying that settled norm and denying Benefiel's motion.

As for the motion to recall the appellate mandate: *Calderon v. Thompson*, 523 U.S. 538, 553–54 (1998), holds that such a motion is governed by the criteria of §2244(b), whether or not it technically initiates a subsequent collateral proceeding. This is, by the way, another possible outcome of *Gonzalez*: A Rule 60(b) motion may not be granted unless it meets the criteria of §2244(b), making it unnecessary to decide whether it "is" a subsequent collateral attack. Cf. *Felker v. Turpin*, 518 U.S. 651, 662–63 (1996) (an original application in the Supreme Court under 28 U.S.C. §2241 is not technically a second or successive collateral attack, and thus is not directly governed by §2244(b), but the Court will apply its substantive criteria nonetheless). Because, as we have observed, the criteria of §2244(b) are not satisfied, recall of our mandate would be unwarranted.

Finally, because the district court correctly denied the motion, and our mandate will not be recalled, there is no justification for a stay of execution. The federal collateral proceedings are over.

Benefiel's contention that cutting off opportunities for continuing collateral review suspends the writ of habeas corpus, in violation of Art. I §9 cl. 2, is incorrect for the reasons covered in *Lindh v. Murphy*, 96 F.3d 856, 867–68 (7th Cir. 1996) (en banc), reversed on other grounds, 521 U.S. 320 (1997). What is

protected from suspension is the writ that limits a person's detention by the executive branch without trial. There is no constitutional entitlement to post-judgment collateral review by the inferior federal courts, let alone to unending rounds of such review.

The judgment of the district court is affirmed. The motion to recall the mandate in No. 03-1968 is denied. The motion for a stay of execution is denied. Treating the papers as a request to initiate a second federal collateral attack, we deny that application.