In the

# United States Court of Appeals

## For the Seventh Circuit

No. 06-1056

CORTEZ C. GUYTON,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 99 C 12—**William D. Stiehl**, *Judge.*

SUBMITTED FEBRUARY 9, 2006—DECIDED JUNE 30, 2006

Before RIPPLE, KANNE and WOOD, *Circuit Judges*.

RIPPLE, *Circuit Judge*.   Cortez Guyton is serving a life sentence for conspiring to distribute powder and crack cocaine. *See* 18 U.S.C. §§ 846 & 841(a)(i). We affirmed his conviction and sentence on direct review. *See United States v. Guyton*, No. 94-3924, 1995 WL 364232 (7th Cir. May 16, 1995). Mr. Guyton's first motion to vacate his sentence, 28 U.S.C. § 2255, was denied as untimely after the district court refused to apply the mailbox rule to Mr. Guyton's pleadings. *See Guyton v. United States*, No. 3:97-cv-370, slip op. (S.D. Ill. May 23, 1997). Mr. Guyton did not appeal the district court's decision denying his initial § 2255 motion.

Later, in a different case, we adopted the mailbox rule for pleadings in collateral attacks. *See Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999). Since then Mr. Guyton has filed at least five additional collateral attacks, including three applications under 28 U.S.C. § 2244(b), each arguing the impropriety of the district court's decision denying his first § 2255 motion. *See Guyton v. United States*, 23 F. App'x. 539 (7th Cir. Sept. 26, 2001) (discussing Mr. Guyton's litigation history in the context of his appeal from the district court order dismissing his second motion under § 2255); *Guyton v. United States*, No. 05-1135 (7th Cir. Feb. 3, 2005) (denying Mr. Guyton's third § 2244(b) application).

Most recently, Mr. Guyton filed a petition for a writ of error coram nobis, *see* 28 U.S.C. § 1651(a), in which he again argued the timeliness of his initial collateral attack. The district court denied the petition. The district court patiently—and correctly—explained that, because Mr. Guyton remains incarcerated on the sentence under attack, he cannot obtain coram nobis relief. Mr. Guyton appeals.

The Government suggests that we should vacate the district court's judgment and should remand the case for a jurisdictional dismissal. The Government believes that Mr. Guyton's petition is an unauthorized successive collateral attack on his conviction. *See Godoski v. United States*, 304 F.3d 761, 764 (7th Cir. 2002) (characterizing a coram nobis petition attacking the petitioner's conviction on constitutional grounds as a mislabeled § 2255 motion). According to the Government, because sections 2244(b) and 2255 ¶ 8 strip the district courts of jurisdiction over unauthorized second or successive collateral attacks, *see Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996), the district court should not have issued a merits ruling and, instead, should have dismissed the petition for lack of jurisdiction, *see*

*United States v. Lloyd*, 398 F.3d 978, 979 (7th Cir. 2005) (stating that respondent should seek a remand when a district court rules on a collateral attack over which it lacked jurisdiction).

This court's case law establishes that the substance of a party's submission takes precedence over its form. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis . . . the name makes no difference. It is substance that controls."). Accordingly, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (emphasis in original)*; see also United States v. Scott*, 414 F.3d 815 (7th Cir. 2005) (holding that Scott's request for his grand jury transcripts was really a mislabeled § 2255 motion); *Benefiel v. Davis*, 403 F.3d 825 (7th Cir. 2005) (treating a motion to reopen the original collateral proceedings that argues constitutional claims as the equivalent of a fresh collateral attack); *Godoski*, 304 F.3d at 764 (determining that a coram nobis petition attacking the petitioner's conviction as unconstitutional is really a mislabeled § 2255 motion); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (holding that Evans' motion for a new trial, which argued a claim governed by § 2255 ¶ 1, is a collateral attack and, because it is his second, it is subject to ¶ 8).

The contrary is true as well: Claims that do not arise under § 2255 ¶ 1 are not subject to § 2244(b) and § 2255 ¶ 8. *See Evans*, 224 F.3d at 673 ("[P]roceedings that do *not* meet the description of § 2255 ¶ 1 are not motions for purposes of ¶ 8, even if they otherwise walk and talk like collateral attacks." (emphasis in original)). A claim arises under § 2255 ¶ 1 when brought by a federal prisoner attacking his

sentence on the ground that it resulted from a violation of his rights under the Constitution. *See id*. at 673-74.

Mr. Guyton's coram nobis petition argued that the district court wrongly denied his first § 2255 motion as untimely because it erroneously refused to apply the mailbox rule to his pleadings. That claim does not arise under § 2255 ¶ 1; it neither attacks his conviction nor alleges a constitutional violation. *Cf. Gonzalez v. Crosby*, 125 S. Ct. 2641, 2648 (2005) (holding that an argument about the timeliness of a § 2255 motion does not arise under ¶ 1 and, thus, is not barred by ¶ 8 and may properly be pursued in a motion under Rule 60(b)). Because Mr. Guyton's most recent petition does not attack his conviction, it does not arise under § 2255 ¶ 1 and § 2244(b) does not strip the district court of jurisdiction over the claim.

Nevertheless, as we repeatedly have informed Mr. Guyton, the time to contest the erroneous denial of his first § 2255 motion was within 60 days of the decision. He may not collaterally attack the decision denying his § 2255 motion through a subsequent motion; his only avenue for relief was a direct appeal. *See Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002) ("Once an initial collateral attack has reached its conclusion, however, a claim of error in the decision cannot be entertained."); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). Because Mr. Guyton did not appeal, the argument is foreclosed. Moreover, the district court is quite right: A petitioner cannot obtain coram nobis relief from the conviction and sentence giving rise to present custody. *See Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) ("[W]rits in the nature of coram nobis are limited to *former* prisoners who seek to escape the collateral civil consequences of wrongful conviction."). Accordingly, the district court judgment is affirmed.

AFFIRMED

No. 06-1056                                                         5

A true Copy:

        Teste:

                                    _____
                                    *Clerk of the United States Court of*
                                    *Appeals for the Seventh Circuit*