UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2006[*]
Decided December 8, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3971

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| v. | No. 00-CR-40101 |
| TYREE NEAL, *Defendant-Appellant.* | G. Patrick Murphy, *Chief Judge.* |

**O R D E R**

Federal inmate Tyree Neal filed under the docket number of his criminal case what he labeled as a motion under 18 U.S.C. § 3572, the statute that authorizes a district court to impose a fine as part of a criminal sentence. Neal is serving a 137-month term for trafficking in powder cocaine and crack, *see United States v. Neal*, 42 Fed. Appx. 836 (7th Cir. 2002), and as part of his sentence he was also ordered to pay a $1,250 fine and $200 in special assessments. In the motion underlying this

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

appeal, Neal claimed that the Bureau of Prisons had coerced him into permitting withdrawals from his prison account in order to pay the monetary penalties. The BOP made those withdrawals pursuant to a contract executed with Neal under the authority of the Inmate Financial Responsibility Program, 28 C.F.R. § 545.10-11.

The district court dismissed Neal's motion for lack of subject-matter jurisdiction, reasoning that § 3572 did not provide it with jurisdiction to hear motions attacking the conduct of the BOP. The court suggested that Neal could file a new civil suit if he wanted to pursue the matter further.

The district court was correct that it lacked jurisdiction under § 3572. That statute permits a sentencing court to adjust the payment schedule for a fine after the judgment has become final, *see* 18 U.S.C. § 3572(d)(3); *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003), but that is not what Neal wants. He objects to the manner in which the BOP is encouraging him to pay the money he owes, and that complaint is beyond the ken of § 3572.

The district court was incorrect, however, in assuming that § 3572 was its only possible source of subject-matter jurisdiction. Neal's claim is a challenge to the execution of his sentence, so the district court had jurisdiction under 28 U.S.C. § 2241. *See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (stating that challenges to IFRP collection mechanism concern execution of sentence and are therefore correctly framed as § 2241 claims); *McGhee v. Clark*, 166 F.3d 884, 885-87 (7th Cir. 1999) (recognizing district-court jurisdiction over claims arising from implementation of IFRP); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that motion seeking relief on grounds concerning execution of sentence but not validity of conviction falls under § 2241). The district court should have recognized the nature of Neal's action and treated it as such, regardless of what Neal may have called it. *See Guyton v. United States*, 453 F.3d 425, 426-27 (7th Cir. 2006) (explaining that substance controls over title of party's submission); *United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005) (same). And though Neal has filed a § 2241 petition before, the government's argument that he needed permission from this court to file another is wrong. Section 2244(b) of Title 28 places limits on successive claims under 28 U.S.C. § 2255 but not claims arising under § 2241. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000); *Valona*, 138 F.3d at 694-95. Moreover, the government's argument that we do not have appellate jurisdiction is meritless; the district court dismissed Neal's action and closed the matter, making its decision final. *See, e.g., Am. Nat'l Bank and Trust Co. v. Equitable Life Assurance Soc'y*, 406 F.3d 867, 875 (7th Cir. 2005) (holding that decision was final where district judge "washed his hands of the case" and nothing further would happen in district court); *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 678 (7th Cir. 2003) (same). That the district court mistakenly thought Neal should pursue an alternative remedy is irrelevant.

Still, we see no reason to remand this case to the district court because Neal's § 2241 claim is patently frivolous.  It is identical to the claim in Neal's prior § 2241 petition, which was dismissed by the district court in March 2005.  *Neal v. Veltri*, No. 05-104-DRH (S.D. Ill. filed Feb. 17, 2005).  We have held that the BOP is authorized to use the Inmate Financial Responsibility Program to ensure that inmates make good-faith progress toward satisfying their court-ordered obligations. *McGhee*, 166 F.3d at 886.  Neal did not have to let the BOP manage the payment of his financial penalties.  *See* 28 C.F.R. § 545.11.  Had he chosen not to, however, he might be delinquent on the obligations imposed by his sentence and would be subject to deprivation of certain privileges as a result.  *See id.* § 545.11.  That does not amount to coercion or make his contract with the BOP illegal.  *See McGhee*, 166 F.3d at 887.

AFFIRMED.