In the

# United States Court of Appeals
## For the Seventh Circuit

---

Nos. 03-1015 & 05-2610

MICHAEL ALLEN LAMBERT,

*Petitioner-Appellant,*

*v.*

EDWIN G. BUSS, Superintendent,

*Respondent-Appellee.*

---

Appeals from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
Nos. 01 C 864 & 05 C 708—**Larry J. McKinney**, *Chief Judge.*

---

SUBMITTED JUNE 6, 2007—DECIDED JUNE 12, 2007

---

Before RIPPLE, KANNE, and EVANS, *Circuit Judges.*

PER CURIAM.  Michael Lambert, who is scheduled to be executed by the State of Indiana on June 15, 2007, is here for the third time. His two prior visits, as does this one, involved challenges to the death sentence he received growing out of the murder of a Muncie, Indiana, police officer in 1990.

We need not repeat the history, facts, or arguments which have previously earned the attention of a bevy of state and federal judges since Lambert was convicted some 16 years ago. For a sampling of decisions, we point to our two efforts, *Lambert v. McBride*, 365 F.3d 557 (7th Cir. 2004), and *Lambert v. Davis*, 449 F.3d 774 (7th Cir.

2006), and a trio of decisions by the Indiana Supreme Court, *Lambert v. State*, 643 N.E.2d 349 (Ind. 1994), *Lambert v. State*, 675 N.E.2d 1060 (Ind. 1996), and *Lambert v. State*, 825 N.E.2d 1261 (Ind. 2005).

Lambert has filed a motion to recall the mandate in each of the two cases we previously decided. The first case was closed in 2004; the second was resolved last year. Mr. Lambert also seeks a stay of execution.

What we really have here are requests to file successive petitions for habeas relief under AEDPA, 28 U.S.C. § 2244(b). But the requests are masquerading as motions to recall mandates. While we certainly do not fault Mr. Lambert for leaving no stone unturned in his effort to stave off his execution, the relief he seeks is quite extraordinary.

Although a court of appeals has the authority to recall its mandates, we may only exercise that power "in extraordinary circumstances" due to "'the profound interests in repose' attaching to the mandate." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998) (quoting 16 C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 3938 p. 712 (2d ed. 1996)). "The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon*, 523 U.S. at 550.

As explained in *Calderon*:

> A State's interests in finality are compelling when a federal court of appeals issues a mandate denying federal habeas relief. At that point, having in all likelihood borne for years "the significant costs of federal habeas review," [*McClesky v. Zant*, 499 U.S. 467, 490-91 (1991)], the State is entitled to the assurance of finality. When lengthy federal proceedings have run their course and a mandate denying relief

has issued, finality acquires an added moral dimension. Only with an assurance of real finality can the State execute its moral judgment in a case. Only with real finality can the victims of crime move forward knowing the moral judgment will be carried out. *See generally Payne v. Tennessee*, 501 U.S. 808 (1991). To unsettle these expectations is to inflict a profound injury to the "powerful and legitimate interest in punishing the guilty," *Herrera v. Collins*, 506 U.S. 390, 421 (1993) (O'Connor, J., concurring), an interest shared by the State and the victims of crime alike.

*Id.* at 556. Motions to recall the mandate in a § 2254 habeas case are subject to the restrictions on successive petitions found in § 2244(b). *Id.* at 553-54; *Benefiel v. Davis*, 403 F.3d 825, 827 (7th Cir. 2005); *Burris v. Parke*, 130 F.3d 782, 784-85 (1997). *Calderon* recognized three exceptions that might be available to allow a recall of the mandate in a habeas case where the requirements of § 2244(b) are not met: (1) when necessary to correct a clerical error; (2) when the prior habeas judgment was obtained by fraud on the part of the state; and (3) when a mandate is stayed under Fed. R. App. P. 41. *Calderon*, 523 U.S. at 557. None of these exceptions are at issue here.

The only way Mr. Lambert can avoid the requirements of § 2244(b) is to prove that he is actually innocent. But he does not suggest that.

What Mr. Lambert seeks to do is revisit the merits of the second habeas judgment in order to add some additional authority in the future once two pending cases are decided. The first case, *Holmes v. Buss*, No. 06-2905, is pending here. It raises the same claim as Lambert brought in his second habeas petition. Our 2006 decision conclusively answers that question, and Lambert provides no persuasive reason why we will scuttle that decision.

The second case, *Panetti v. Quarterman*, No. 06-6407, is pending before the Supreme Court and involves, in part, a question of whether the habeas petition in that case is successive. Lambert already asked the Supreme Court to withhold the disposition of his petition for a writ of certiorari in our second case until it decided *Panetti*, but the Court declined. If the Supreme Court felt it unnecessary to wait for *Panetti*, then Lambert has no basis upon which to ask us to do the same. Also, although these cases involve the procedural question of whether Lambert's second habeas petition is barred under § 2244(b), we also rejected Lambert's underlying claim on the merits. *See Lambert*, 449 F.3d at 778-79. Aside from the fact that the potential additional authority will not be helpful to Lambert, he cannot avoid the restrictions on second or successive petitions by styling his request as a motion to recall the mandate. *Benefiel*, 403 F.3d at 827.

So the present motions to recall our mandates must be denied. And with this action, the motions for a stay of execution must be denied as well.

RIPPLE, *Circuit Judge*, concurring.  I join the opinion of the court. I concur in the denial of Mr. Lambert's Motion for Stay of Execution and Motion to Recall the Mandate in *Lambert v. McBride*, 365 F.3d 557 (7th Cir. 2004), and Motion to Recall the Mandate and for Stay of Execution in *Lambert v. Davis*, 449 F.3d 774 (7th Cir. 2006). Although I respectfully adhere to the view set forth in my dissenting opinion in *Lambert v. Davis*, 449 F.3d at 779-84, I recognize that the restrictions placed on this court by AEDPA prevent us from revisiting our judgment

despite the pendency of *Holmes v. Buss*, No. 06-2905, before this court and *Panetti v. Quarterman*, No. 06-6407, before the Supreme Court of the United States. Any further relief must come from the Supreme Court.

A true Copy:

      Teste:

                           _____
                           *Clerk of the United States Court of*
                           *Appeals for the Seventh Circuit*