**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2012[*]
Decided April 13, 2012

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3192

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 00-CR-30070 |
| | |
| RODRIGUEZ D. JONES, | Sue E. Myerscough, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Rodriguez Jones was convicted of conspiracy to distribute crack cocaine. *See* 21 U.S.C. §§ 841, 846. At sentencing, the district court held Jones responsible for 90 kilograms

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

of crack cocaine and, in light of this massive quantity,[2] sentenced him to 40 years' imprisonment. After we affirmed his sentence on direct appeal, *United States v. Jones*, 275 F.3d 648 (7th Cir. 2001), Jones petitioned for relief under 28 U.S.C. § 2255 and twice moved for modification of his sentence under 18 U.S.C. § 3582(c). Each time, the district court denied the respective petition or motion, and we affirmed its judgment. *See, e.g., United States v. Jones*, 365 F. App'x 29 (7th Cir. 2010). Jones then filed a "motion to clarify drug amount," in which he attempted once again to relitigate the sentencing court's finding that he was responsible for 90 kilograms of crack. The district court, unable to identify any rule or statute that would permit it to modify Jones's sentence, dismissed the motion for want of jurisdiction. The court reasoned that even if it construed the motion as a § 2255 petition, it nonetheless lacked jurisdiction because Jones had not received permission to file a successive petition.

Jones argues for the first time on appeal that his motion should be construed as a petition for a writ of error coram nobis. This writ is an extraordinary remedy whereby an individual released from custody may nonetheless challenge a prior conviction. *See United States v. Sloan*, 505 F.3d 685, 697–98 (7th Cir. 2007). But Jones challenges the very sentence for which he is now imprisoned, and "a petitioner cannot obtain coram nobis relief from the conviction and sentence giving rise to present custody." *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006). In substance, Jones's motion is a request to modify the judgment under Rule 35(a), but his 14-day window to file such a motion with the district court closed in 2001. *See* FED. R. CRIM. P. 35(a). Lacking any statutory authorization to consider the motion, the district court correctly dismissed it. *See United States v. Campbell*, 324 F.3d 497, 500 (7th Cir. 2003) (Easterbrook, J., concurring.).

**AFFIRMED**.

---

[2] The typical crack-cocaine dose (i.e., a "crack rock") sold to an addict weighs between 10–120 milligrams, so this was enough for approximately 900,000 doses of crack. *See* DRUGS AND HUMAN PERFORMANCE FACT SHEETS, NHTSA, http://www.nhtsa.gov/people/injury/research/job185drugs/cocain.htm (last visited Feb. 10, 2012).